IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>JEVON WOODS and BLACK LIVES MATTER MOVEMENT,<br><br>Defendants. | 8:21CV115<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff is currently incarcerated at the Lancaster County Jail. The court has granted Plaintiff permission to proceed in forma pauperis (Filing 8), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff, a Native American with autism, alleges that in July 2019 he was introduced to Defendant Jevon Woods through the Department of Health and Human Services ("DHHS") coordinator and an agency that contracts with DHHS to provide disability services in Lincoln, Nebraska. After completing two interviews with Woods, Plaintiff moved in with him. Plaintiff claims that Woods was a "Black lives Matter supporter" who "constantly quiz[z]ed [Plaintiff] on race & what [Plaintiff] thought of black people," resulting in arguments between the roommates. (Filing 1 at CM/ECF p. 3.)

Plaintiff says he complained to a "Brenda Stinson" about the situation and asked for a lock for his bedroom door from Woods and Nicolas (the owner of the agency that contracted with DHHS to provide disability services), but they failed to respond to Plaintiff's requests. Plaintiff alleges that in August 2019 Woods raped

him in the middle of the night while Plaintiff was under the influence of medication. After complaining to "Brenda" and the Lincoln Police Department, Plaintiff was eventually moved to a hotel, where he met Seth Jackson. Jackson's father was allegedly the "assistant chief of police." Plaintiff shared his story with Jackson, which then led to a police and DHHS investigation. Plaintiff says he "was de[e]med delusional by both parties, & no arrest was made." (Filing 1 at CM/ECF p. 7.)

Plaintiff asserts what he calls "federal questions," including reverse discrimination; violations under the Americans with Disabilities Act ("ADA"), Eighth Amendment, and Thirteenth Amendment; use of a movement to target another race; illegal use of a sexual publication; sexual assault on a disabled individual; and law enforcement's engagement with a sex-trafficking ring. (Filing 1 at CM/ECF p. 2.) For relief, Plaintiff wants the Black Lives Matter Movement in Nebraska to stop; requests $15 million from the Black Lives Matter Fund to be transferred to the "Lightfeather Fund" of the "White Indigenous Nation"; and asks that Defendant Woods be arrested by the U.S. Marshal and that the "Feds" redo the rape investigation. (Filing 1 at CM/ECF p. 8.)

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

### A. Defendant Woods

Insofar as Plaintiff requests that Defendant Woods be arrested and charged with rape or other crimes, or that "law enforcement" be criminally charged, a private plaintiff cannot force a criminal prosecution because the authority to initiate criminal charges lies only with state and federal prosecutors. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1733 (2019) (Gorsuch, J., concurring in part and dissenting in part) ("the decision whether to institute criminal charges is one our Constitution vests in state and federal executive officials"); *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion"); *Cragoe v. Maxwell*, No. CIV 11-4188, 2012 WL 462960, at *2 (D.S.D. Feb. 13, 2012) ("If [the pro se plaintiff] believes criminal charges are appropriate for whatever reason, this Court is not the proper entity to initiate those proceedings.") (collecting cases); *Blechinger v. Sioux Falls Hous. & Redevelopment Comm'n*, No. CIV. 12-4004, 2012 WL 174653, at *3 (D.S.D. Jan. 20, 2012) (neither pro se plaintiff nor the court can charge defendant with a crime because "[w]hether to prosecute and what criminal charges to file or bring are decisions that generally rest in the prosecutor's not the court's

3

discretion") (internal quotation marks and citation omitted). Because the court does not have the authority to initiate a criminal prosecution, Plaintiff's request to arrest and bring criminal charges against Defendant Woods does not state a federal claim.

Further, Plaintiff's constitutional claims, presumably brought through 42 U.S.C. § 1983, fail because Defendant Woods is not alleged to be a state actor. Only state actors may be held liable under section 1983. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). "A private party may be deemed a state actor for purposes of section 1983 liability when he acts under cover of state law and performs a function 'traditionally exclusively reserved to the state.'" *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 584 (8th Cir. 2006) (quoting *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 352 (1974)); *see also Sabri*, 833 F.3d at 1000 ("A private party is considered a state actor if the alleged deprivation was caused by the exercise of some right or privilege created by the [s]tate or by a rule of conduct imposed by the state or by a person for whom the [s]tate is responsible." (internal quotation marks and citation omitted)); *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (private party may be characterized as state actor for purposes of § 1983 when "the state has delegated to a private party a power traditionally exclusively reserved to the State," "where a private actor is a willful participant in joint activity with the State or its agents," and "where there is pervasive entwinement between the private entity and the state," with the ultimate conclusion turning on the particular facts of the case (internal quotation marks and citations omitted)).

Plaintiff has also failed to state a claim against Woods under the ADA because the act only applies to employers, employment agencies, labor organizations, and joint labor-management committees, and Woods is none of these things. 42 U.S.C. § 12111(2) (Westlaw 2021).

**B. Defendant Black Lives Matter Movement**

There is no indication that Black Lives Matter, a social-justice movement, is a juridical entity subject to suit. As to Plaintiff's constitutional claims brought pursuant to section 1983, the Complaint fails to allege facts indicating that the Black Lives Matter Movement is a "person" or state actor within the meaning of section 1983 and, even if it were considered a "person," that it had any involvement in the alleged constitutional violations. *See Brown v. Fifth Judicial Dist. Drug Task Force*, 255 F.3d 475, 477 (8th Cir. 2001) (only "legal entities" are "subject to suit"; "a group of persons working together for a common purpose must first be found to have legal existence before the question of capacity to sue or be sued can arise"); *Doe v. Mckesson*, 945 F.3d 818, 834 (5th Cir. 2019), *judgment vacated on other grounds,* 141 S. Ct. 48 (2020) (Black Lives Matter was improper defendant due to lack of allegations that BLM had traits that Louisiana courts consider indicative of an intent to establish a juridical entity, such as property possession, formal membership, dues requirement, and existence of governing agreement). Accordingly, Plaintiff has failed to state a claim against this Defendant.

## IV. CONCLUSION

In its present form, Plaintiff's Complaint fails to state a claim against any Defendant. However, on the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states a claim. The amended complaint must sue proper Defendants, must specify the capacity in which the Defendants are sued, and must set forth all of Plaintiff's claims (and any supporting factual allegations) against each Defendant. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his Complaint (Filing 1) and any new allegations. Plaintiff should be mindful to explain what each Defendant did to him, when each Defendant did it, and how each Defendant's actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must state the capacity (official, individual, or both) in which each Defendant is sued and set forth all of Plaintiff's claims (and any supporting factual allegations) against each Defendant. Plaintiff should be mindful to explain in his amended complaint what each Defendant did to him, when each Defendant did it, and how each Defendant's actions harmed him.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: August 25, 2021—amended complaint due.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 27th day of July, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge