IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN EDWARD LIGHTFEATHER,

Plaintiff,

vs.

JEVON WOODS, Nebraska Department of Health & Human Services Employee, in his individual capacity; JANE DOE #1, Special Victims Unit Investigator for Lincoln Police Department, in her individual capacity; JANE DOE #2, Nebraska Department of Health & Human Services Investigator, in her individual capacity; JANE DOE #3, Nebraska Department of Health & Human Services Investigator, in her individual capacity; SETH JACKSON, Nebraska Department of Health & Human Services Employee, in his individual capacity; BRIAN JACKSON, Assistant Chief of Police for Lincoln Police Department, in his individual capacity; BRENDA MAE STINSON, Court-Appointed Legal Guardian, in her individual capacity; NICOLAS, Owner of MAGIS, in his individual capacity; JANE DOE #4, Dispatcher for Lincoln Police Department, in her individual capacity; CITY ATTORNEY FOR LINCOLN, NEBRASKA, in his individual capacity; JOHN GOODMAN, Nebraska Department of Health & Human Services Employee, in his individual capacity,

Defendants.

8:21CV115

MEMORANDUM
AND ORDER

Plaintiff, an inmate at the Lancaster County Jail, filed this lawsuit pro se, claiming he was raped by a provider of disability services. On the court's initial review (Filing 13) of Plaintiff's Complaint (Filing 1)—which only sued Jevon Woods and the Black Lives Matter Movement—the court concluded that Plaintiff failed to state a claim against any Defendant. While all of Plaintiff's claims were subject to pre-service dismissal, the court granted Plaintiff leave to file an amended complaint. Plaintiff has done so. (Filing 15.) The court now conducts an initial review of Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. LEGAL STANDARDS ON INITIAL REVIEW

The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must "dismiss the complaint, or any portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF AMENDED COMPLAINT

The gist of Plaintiff's factual allegations are the same as those contained in his original Complaint. Plaintiff, a Native American with autism, alleges that in July 2019 Defendant Jevon Woods—who is alleged to be a "state actor" employed by the Nebraska Department of Health and Human Services—became Plaintiff's "care taker." (Filing 15 at CM/ECF p. 2.) Plaintiff alleges that Woods was supervised by "MAGIS," which according to its Website, is a community-based provider of residential services for the developmentally disabled community. *See* https://www.magisrs.com. Plaintiff alleges that he and Woods lived together in a home licensed by the state, but they often argued about racial issues and Woods would periodically enter Plaintiff's bedroom without permission. Plaintiff says he complained to his legal guardian, Brenda Stinson, about the situation and asked for a lock for his bedroom door, but she failed to respond to Plaintiff's requests.

Plaintiff alleges that in August 2019 Woods raped him in the middle of the night while Plaintiff was under the influence of medication. During the rape, Plaintiff observed someone standing in the hallway outside of his bedroom, laughing and possibly recording the assault. After reporting the incident to Stinson via text message, Plaintiff contacted the Lincoln Police Department ("LPD") and spoke to a female dispatcher who allegedly laughed at Plaintiff's story. Plaintiff was

3

temporarily moved to a hotel, where he was "placed" with Seth Jackson. Jackson's father, Brian Jackson, was allegedly the assistant chief of the LPD. Plaintiff shared his story with Seth Jackson, which then led to a police and DHHS investigation.

During the investigation, Plaintiff met with a LPD "male police officer" and "female S.V.U. Investigator," "two state female investigators," and Brenda Stinson, who Plaintiff claims was under criminal investigation for an unrelated sexual-assault case in California. (Filing 15 at CM/ECF p. 5.) During the investigative interview, Stinson allegedly defended Woods and falsely told investigators that Plaintiff's PTSD made him delusional and his autism made him confused and unable to recognize reality. Defendant John Goodman, who is alleged to be a DHHS employee and a "main [voice] for Black Lives Matter in Lincoln, NE," supposedly lied to the LPD to protect Woods, who is also black. Because Plaintiff was then seen as "unreliable," he was sent to the Beatrice State Developmental Center.

Plaintiff complains that because of his "race as a [white Indian] with [Autism]," the LPD wrongfully failed to arrest Woods or Stinson for sexual assault, and all of the Defendants conspired to protect Woods, in violation of Plaintiff's right to due process. Further, he alleges that his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 to 12117 (Westlaw 2022), and the Rehabilitation Act, 29 U.S.C. § 794 (Westlaw 2022), were violated. Plaintiff sues all Defendants in their individual capacities only. He requests an independent investigation and $15 million in damages.

### III. DISCUSSION

**A. Due Process**

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused or committed by a person acting under color of state law. *Roe v. Humke*, 128 F.3d 1213, 1214 (8th Cir. 1997). Here, Plaintiff

4

appears to assert a substantive due process claim under section 1983 against the Defendants in their individual capacities for the violation of his constitutionally protected right to be free from bodily harm, sexual molestation, and abuse. *See Hawkins v. Holloway*, 316 F.3d 777, 784 (8th Cir. 2003) ("an actionable claim under § 1983 for a substantive due process violation may accrue where a public official engages in sexual fondling and touching or other egregious sexual contact under color of state law" (internal quotation marks and citation omitted)); *Kinman v. Omaha Pub. Sch. Dist.*, 171 F.3d 607, 611 (8th Cir. 1999) (noting that "'[a] number of circuit courts have found due process violations when state actors have inflicted sexual abuse on individuals'" (quoting *Rogers v. City of Little Rock, Arkansas,* 152 F.3d 790, 795 (8th Cir.1998)); *Doe ex rel. Doe v. Barger*, 193 F. Supp. 2d 1112, 1117 (E.D. Ark. 2002) (student at state school for the deaf stated substantive due process claim under section 1983 against employee and superintendent of school in their individual capacities when plaintiff asserted violation of his constitutional right to be free from "bodily harm and sexual molestation and abuse").

To establish a substantive due process violation, a plaintiff must show that the defendant violated one or more fundamental constitutional rights and that the defendant's conduct was shocking to the contemporary conscience. *Flowers v. City of Minneapolis,* 478 F.3d 869, 873 (8th Cir. 2007). "In order to succeed, a complaint for a violation of substantive due process rights must allege acts that shock the conscience, and merely negligent acts cannot, as a constitutional matter, do that: To hold otherwise would trivialize the centuries-old principle of due process of law." *S.S. v. McMullen*, 225 F.3d 960, 964 (8th Cir. 2000) (internal quotation marks and citation omitted). Further, "gross negligence is not actionable . . . under § 1983." *Id.* (internal quotation marks and citation omitted). "Conduct that is intended to injure in some way unjustifiable by any government interest is likely to be conscience shocking." *Rogers*, 152 F.3d at 797.

Here, Plaintiff had a constitutional right to intimate bodily integrity, *Rogers*, 152 F.3d at 797, which he alleges was violated when Defendant Woods made a "nonconsensual entry" into his body, "which was an exercise of power without any

5

legitimate governmental objective"—thereby sufficiently alleging a violation of his right to substantive due process. *Id*. (rape by a state actor fell "at the extreme end of the scale of egregious conduct by a state actor and was unjustifiable by any government interest"). Thus, Plaintiff has stated a substantive-due-process claim against Defendant Jevon Woods in his individual capacity.

However, Plaintiff fails to state a substantive-due-process claim against Defendant Stinson because his allegations that she failed to give him a door lock to prevent Woods from entering Plaintiff's room constitute, at most, negligence. That is not enough to state a claim under section 1983. *Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005) ("Mere negligence can never be conscience-shocking and cannot support a claim alleging a violation of substantive due process rights. Indeed, [w]e have held more than once that gross negligence is not actionable . . . under § 1983." (internal quotation marks and citations omitted)); *S.S.*, 225 F.3d at 964 ("actionable cases must demonstrate a level of . . . abuse of power or activity that was so brutal and offensive that it did not comport with traditional ideas of fair play and decency" (internal quotation marks and citations omitted)).

Plaintiff also fails to state a claim against Woods' alleged supervisor (Defendant Nicolas) because there are no allegations that Nicolas had notice of a pattern of unconstitutional conduct by Woods. *Doe v. Gooden*, 214 F.3d 952, 956 (8th Cir. 2000) (to hold superintendent and former assistant superintendent of schools liable under section 1983 for physically abusive conduct by teacher, there must be showing superintendents had notice of pattern of unconstitutional acts; "mere negligence in failing to respond does not implicate the Fourteenth Amendment").

To the extent Plaintiff attempts to bring a section 1983 claim on the basis that some of the individual Defendants (i.e., Woods and Stinson) violated state criminal statutes (such as sexual assault), but they were not prosecuted for their crimes, this claim must be dismissed because "'[a]lleged violations of state laws, state-agency regulations, and even state court orders do not by themselves state a claim under 42

6

U.S.C. § 1983.'" *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 832 (8th Cir. 2005) (quoting *Whisman v. Rinehart*, 119 F.3d 1303, 1312 (8th Cir. 1997)). Further, to the extent Plaintiff requests that this court perform a criminal investigation or that criminal charges be brought against any of the Defendants, Plaintiff does not state a federal claim because a private plaintiff cannot force a criminal prosecution because the authority to initiate criminal charges lies only with state and federal prosecutors. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1733 (2019) (Gorsuch, J., concurring in part and dissenting in part) ("the decision whether to institute criminal charges is one our Constitution vests in state and federal executive officials"); *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion"); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("It is well-established that 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'"); *Cragoe v. Maxwell*, No. CIV 11-4188, 2012 WL 462960, at *2 (D.S.D. Feb. 13, 2012) ("If [the pro se plaintiff] believes criminal charges are appropriate for whatever reason, this Court is not the proper entity to initiate those proceedings.") (collecting cases); *Blechinger v. Sioux Falls Hous. & Redevelopment Comm'n*, No. CIV. 12-4004, 2012 WL 174653, at *3 (D.S.D. Jan. 20, 2012) (neither pro se plaintiff nor the court can charge defendant with a crime because "[w]hether to prosecute and what criminal charges to file or bring are decisions that generally rest in the prosecutor's not the court's discretion") (internal quotation marks and citation omitted).

### B. ADA/Rehabilitation Act

Plaintiff vaguely asserts violations of the ADA and Rehabilitation Act against the Defendants in their individual capacities. Although Plaintiff does not specify which Defendants violated which provisions of the Acts, the court assumes Plaintiff brings these claims under section 504 of the Rehabilitation Act[1] and Title II of the

---

[1] "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability,

ADA[2] for discrimination by employees of the LPD and DHHS because of Plaintiff's autism—that is, individuals from the LPD and DHHS improperly investigated Plaintiff's alleged rape because Plaintiff was autistic.

> For a prima facie § 504 violation, a qualified individual with a disability must be denied, on the basis of the individual's disability, the benefits of a program or activity of a public entity receiving federal funds. *M.P. ex rel. K. & D.P. v. Indep. Sch. Dist. No. 721,* 326 F.3d 975, 981-82 (8th Cir. 2003). For a prima facie Title II ADA violation, a qualified individual with a disability must be excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or be otherwise discriminated against by the entity, by reason of the individual's disability. *Layton v. Elder,* 143 F.3d 469, 472 (8th Cir. 1998). "The ADA and § 504 of the Rehabilitation Act are 'similar in substance' and, with the exception of the Rehabilitation Act's federal funding requirement, 'cases interpreting either are applicable and interchangeable' for analytical purposes." *Bahl v. County of Ramsey,* 695 F.3d 778, 783 (8th Cir. 2012), *quoting Randolph v. Rodgers,* 170 F.3d 850, 858 (8th Cir. 1999).

*Folkerts v. City of Waverly, Iowa*, 707 F.3d 975, 983 (8th Cir. 2013).

Here, Plaintiff has sued all Defendants in their individual capacities. Section 504 of the Rehabilitation Act does not provide for claims against individuals, but rather, public entities. *Damron v. N. Dakota Com'r. of Corr.*, 299 F. Supp. 2d 970, 979 (D.N.D. 2004), *aff'd sub nom. Damron v. N. Dakota Com'r of Corr., Bismarck,*

---

be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a) (Westlaw 2022).

[2] Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

*N.D.*, 127 F. App'x 909 (8th Cir. 2005); 42 U.S.C. § 12132. Likewise, "Title II of the ADA provides a detailed remedial scheme barring a § 1983 action against state officials in their individual capacities." *Randolph v. Rodgers*, 253 F.3d 342, 346 (8th Cir. 2001) (citing *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1011 (8th Cir. 1999) (en banc)). Even if Plaintiff had sued Defendants in their official capacities, the Amended Complaint would still fail to state a claim against them for relief under Title II of the ADA in connection with the alleged rape. This is because "[c]ourts have declined to extend the Act's prohibition against discrimination to cover such intentional tortious acts as sexual assault." *Hernandez v. Fort Bend ISD*, No. CV H-19-915, 2019 WL 1934674, at *11 (S.D. Tex. May 1, 2019); *see Strange v. Mansfield Indep. Sch. Dist.*, No. 18-CV-101, 2018 WL 3950219, at *3 (N.D. Tex. Aug 17, 2018); *Woodberry v. Dall Area Rapid Transit*, No. 14-CV-3980, 2017 WL 840976, at *7 (N.D. Tex. Mar. 3, 2017); *Ball v. St. Mary's Residential Training Sch.*, No. 14-2855, 2015 WL 3448470, at *2-*3 (W.D. La. May 28, 2015); *Woods v. G.B. Cooley Hosp. Serv. Dist.*, No. 07-926, 2007 WL 4812054, at *2 (W.D. La. Dec. 10, 2007).

Therefore, Plaintiff's ADA and Rehabilitation Act claims will be dismissed for failure to state a claim upon which relief can be granted.

IT IS ORDERED:

1. Plaintiff's Second Amended Complaint (Filing 17), filed without the court's permission, is stricken pursuant to Fed. R. Civ. P. 15(a), and Plaintiff's Amended Complaint (Filing 15) is the operative Complaint in this matter.

2. Plaintiff's 42 U.S.C. § 1983 substantive-due-process claim against alleged state actor Defendant Jevon Woods in his individual capacity for the violation of Plaintiff's constitutionally protected right to be free from bodily harm, sexual molestation, and abuse shall go forward. All other claims and parties are dismissed without prejudice for failure to state a claim upon which relief can be granted.

3. For service of process on Defendant Jevon Woods, an alleged State of Nebraska employee, in his individual capacity in accordance with Neb. Rev. Stat. § 25-511, the Clerk of Court is directed to complete ONE summons forms and ONE USM-285 form for Defendant Jevon Woods using the address "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509," and forward them together with a copy of the Amended Complaint (Filing 15) and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Jevon Woods in his individual capacity at the office of the <u>Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509</u>.** *See* Federal Rule of Civil Procedure 4(e)(1); Neb. Rev. Stat. § 25-511; Neb. Rev. Stat. § 25-510.02.[3]

4. In addition, the Clerk of Court is directed to complete ONE summons form and ONE USM-285 form for Defendant Jevon Woods using the address "Nebraska Department of Department of Health and Human Services, 301 Centennial Mall South, Lincoln, NE 68509" and forward them together with a copy of the Amended Complaint (Filing 15) and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Jevon Woods, personally in his individual capacity, at the <u>Nebraska Department of Department of Health and Human Services, 301 Centennial Mall South, Lincoln, NE 68509</u>**. Service may also be accomplished by using any of the

---

[3] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g., Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

5. In addition, the Clerk of Court is directed to complete ONE summons form and ONE USM-285 form for Defendant Jevon Woods using the address "MAGIS Residential Services, 233 S. 13th St. Suite 1100, Lincoln, NE 68508" and forward them together with a copy of the Amended Complaint (Filing 15) and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Jevon Woods, personally in his individual capacity, at** "**MAGIS Residential Services, 233 S. 13th St. Suite 1100, Lincoln, NE 68508.**" Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

6. If the Marshals Service is unable to achieve service of process on Defendant Jevon Woods pursuant to paragraphs (4) or (5) above, the Marshals Service shall obtain Jevon Woods' personal address and deliver the summons form, the USM-285 form, the Amended Complaint (Filing 15), and this Memorandum and Order to Woods, personally and in his individual capacity, at such address. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

7. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

8. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

11

DATED this 18th day of February, 2022.

                                        BY THE COURT:

                                        *Richard G. Kopf*

                                        Richard G. Kopf
                                        Senior United States District Judge