IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>            Plaintiff,<br><br>vs.<br><br>JEVON WOODS,<br><br>            Defendant. | **8:21CV115**<br><br>**ORDER** |

      This matter is before the court on Defendant's Response to Order to Show Cause ("Response"), (Filing No. 40), and Motion to File Motion for Appointed Counsel Under Seal ("Motion to Seal"), (Filing No. 45), and Plaintiff's correspondence dated January 31, 2023, which the court has docketed as a motion, (Filing No. 39).

      On January 19, 2023, the court ordered Defendant to show cause by February 8, 2023, why the court should not enter a default against Defendant after Defendant failed to appear for the Final Pretrial Conference scheduled on January 18, 2023, and to arrange for a conference call with Plaintiff's institution. (Filing No. 37). Defendant filed his Response on February 7, 2023. (Filing No. 40). Counsel for Defendant states that he was dealing with the death of his brother and mis-calendared the date of the pretrial conference. Counsel acknowledges that he is responsible for missing the court's deadline and asks the court to excuse his neglect and not penalize his client by entering a default.

      Upon careful consideration, the court finds that Defendant has shown good cause for his failure to comply with the court's order setting the pretrial conference. Accordingly, the court will schedule the Final Pretrial for another date

as set forth below. In light of the court's determination, Plaintiff's motion dated January 31, 2023, and filed February 6, 2023, (Filing No. 39), which the court construes as asking for relief in the amount of $75,000.00 in the event the court enters a default judgment against Defendant, is denied as moot as no default will be entered at this time.[1]

Finally, Defendant filed a Motion to Seal, (Filing No. 45), on February 22, 2023. However, Defendant did not include the proposed Motion for Appointed Counsel and accompanying poverty affidavit as a separate provisionally sealed or restricted filing as required by the court's local rules. *See* NECivR 7.5(a) (procedure for filing sealed documents and objects); *see also* NECivR 5.3(c) ("With the court's leave, a party may restrict access to a document containing the unredacted personal data identifiers listed in Nebraska Civil Rule 5.3(b)" such as individual financial information by filing a motion to restrict access and filing the unredacted document separately as a restricted document.). The court will, therefore, deny Defendant's motion without prejudice to reassertion in a motion that complies with the local rules.

IT IS THEREFORE ORDERED:

1. Upon good cause shown, the Final Pretrial Conference is continued to **May 9, 2023 at 9:00 a.m. by telephone**. The parties shall use the case conference instructions assigned to this case to participate in the conference.

    a. Defense counsel will have the primary responsibility for drafting the Order on Final Pretrial Conference, pursuant to the format and requirements set out in NECivR 16.2(a)(2). The plaintiff will be responsible for cooperating in the preparation

---

[1] For the sake of completeness, the court notes it has received other correspondence from Plaintiff, (Filing Nos. 41–44, & 46), which have been docketed in this case and reviewed by the court. To the extent Plaintiff's other correspondence reiterates his request for amended relief in the event of Defendant's default, his requests are denied for the reasons explained above.

and signing of the final version of the Order. The Order should be submitted to the plaintiff and to any other parties by **April 4, 2023.** The plaintiff shall provide additions and/or proposed deletions to Defense counsel by **April 18, 2023**. Defense counsel shall submit the Proposed Order on Final Pretrial Conference to the court by no later than **May 2, 2023.** If a party proposes an addition or deletion which is not agreed to by all the other parties, that fact should be noted in the text of the document. The Proposed Order on Final Pretrial Conference must be signed by all pro se parties and by counsel for all represented parties.

b. The Final Pretrial Conference will be held before the Magistrate Judge on **May 9, 2023 at 9:00 a.m.** Prior to the pretrial conference, all items as directed in NECivR 16.2 and full preparation shall have been completed so that trial may begin at any time following the Pretrial Conference.

c. If a plaintiff is held in an institution, the pretrial conference will be by telephone. In that case, Defense counsel shall contact the plaintiff's institution in advance and arrange to initiate and place the conference call.

2. The trial date will be set by the Magistrate Judge at the time of the Final Pretrial Conference.

3. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Pretrial conference before Magistrate Judge Cheryl Zwart to be held on **May 9, 2023 at 9:00 a.m.**

4. Plaintiff's motion, (Filing No. 39), seeking amended relief in the event the court enters a default is denied as moot because no default has been entered.

5. Defendant's Motion to File Motion for Appointed Counsel Under Seal, (Filing No. 45), is denied without prejudice to reassertion.

Dated this 10th day of March, 2023.

BY THE COURT:

<u>*s/ Cheryl R. Zwart*</u>
United States Magistrate Judge