IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN EDWARD LIGHTFEATHER,

                    Plaintiff,                              **8:21CV115**

          vs.

JEVON WOODS,                                        **MEMORANDUM AND ORDER**

                    Defendant.

This matter is before the Court on Defendant Jevon Woods' Amended Motion to Appoint Counsel, Filing No. 53, and Motion to File Motion for Appointed Counsel Under Seal, Filing No. 54, with accompanying poverty affidavit, Filing No. 55.[1]  As an initial matter, the Court, upon careful consideration, will grant Defendant's motion to file his poverty affidavit accompanying his motion for appointed counsel under seal.  The Court next considers Defendant's request that the Court appoint him counsel pursuant to 28 U.S.C. § 1915(e)(1) and the Court's inherent authority.  Filing No. 53 at 1.

Section 1915 provides in relevant part:

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
. . .
(e)(1) The court may request an attorney to represent any person unable to afford counsel.

---

[1] Also pending are Defendant's initial Motion for Counsel, Filing No. 50, and Motion to File Motion for Appointed Counsel Under Seal, Filing No. 51, with the accompanying poverty affidavit, Filing No. 52.  The initial motions and amended motions are identical with the exception of the addition of Defendant's counsel's signature to the amended motions.

28 U.S.C. § 1915.

As indicated in his poverty affidavit accompanying his motion for appointed counsel, Filing No. 55, Defendant has two minor children that he supports and, after monthly expenses, he has approximately $1200 remaining of available monthly income. Defendant represents that he is "on a[n] extremely tight budget and lifestyle" and "cannot afford private counsel to defend [him]self." *Id.* at 1, 5. Defendant's reported income, however, places him well above the poverty guidelines,[2] and the Court finds it difficult to conclude that Defendant meets the financial eligibility requirements in 28 U.S.C. § 1915(a)(1) to defend this civil suit "without prepayment of fees or security therefor." Even if the Court assumes Defendant does qualify as indigent, the Court finds appointment of counsel is not warranted.

The Court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). District courts may exercise this discretion to appoint counsel not only for indigent plaintiffs, but also for indigent defendants in civil cases. *See Spencer v. Casavilla*, 903 F.2d 171, 176 (2d Cir. 1990) (suggesting that district court should exercise its discretion to appoint counsel for any indigent defendant who requests representation pursuant to 28 U.S.C. § 1915 "[i]n light of the significance of the issues raised by the complaint"); *United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978) (district court has discretionary authority under 28 U.S.C. § 1915 to appoint counsel for indigent civil defendants); *A.P. v. United States*, No. 18CV4661KAMPK, 2018 WL 11401623 (E.D.N.Y. Dec. 18, 2018) (same standards apply

---

[2] *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines.

"to requests for *pro bono* counsel whether made by plaintiffs or defendants"). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

First, it must be acknowledged that Defendant already has counsel of record and that counsel filed Defendant's request for the appointment of counsel. Counsel advises the Court that he appeared on Defendant's behalf solely for the purpose of avoiding a default judgment, Filing No. 40 at 3 (Defendant's Response to Order to Show Cause), and that "[t]his sort of matter is outside [his] experience and competence." Filing No. 53 at 3–4. Counsel has not moved to withdraw, though, out of concern for Defendant's "ability to defend himself and [he] does not want to increase the harm from a specious lawsuit by removing any assistance before substitute counsel is found."[3] *Id.* at 4.

Though the Court appreciates counsel's reluctance to represent Defendant further in this matter due to his lack of expertise, the fact remains that Defendant already has pro bono counsel. The Court is not inclined to commit government resources[4] to recruit counsel for Defendant when he already has the assistance of pro bono counsel in defense of a pro se complaint. Plaintiff's allegations of sexual assault against Defendant are

---

[3] Counsel represents that he has made efforts to find substitute counsel for Defendant via Legal Aid and law school clinics. Filing No. 53 at 3. The Court notes that the Nebraska State Bar Association's lawyer referral service is another available resource. The service is at 635 South 14th Street, Suite 200, Lincoln, Nebraska 68508. The telephone number is (402) 475-7091 ext. 132, and the fax number is (402) 475-7098.

[4] See Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee which provides for payment of set fees and reasonable expenses upon approval for appointed civil counsel.

serious in nature but are neither factually nor legally complex. Additionally, while this case will clearly turn on conflicting testimony, Defendant can certainly testify as to his interactions with Plaintiff while Defendant was Plaintiff's caretaker under the supervision of MAGIS Residential Services as well as to the nature of his relationship with MAGIS and/or the State of Nebraska to support his assertion that he is not a "state actor" for purposes of Plaintiff's substantive due process claim under 42 U.S.C. § 1983. As Defendant acknowledges, Plaintiff's report of the alleged assault was investigated by the proper authorities but yielded no criminal proceedings or convictions. *See* Filing No. 15 at 5–6. Defendant, with the assistance of his present counsel, should be able to discover and obtain documents or the names of persons related to that investigation.

Based on the foregoing, the Court finds that Defendant's request for appointment of counsel should be denied.

IT IS THEREFORE ORDERED that:

1. Defendant's Motion and Amended Motion to File Motion for Appointed Counsel Under Seal, Filing No. 51; Filing No. 54, are granted. Defendant's poverty affidavits in support of his motion for appointed counsel, Filing No. 52; Filing No. 55, shall be filed under seal. The Clerk of Court is directed to terminate the motion events associated with Filing No. 52 and Filing No. 55.

2. Defendant's amended motion for the appointment of counsel, Filing No. 53, is denied. Defendant's unsigned initial motion for the appointment of counsel, Filing No. 50, is denied as moot.

3. The parties are reminded that a pretrial conference is scheduled before Magistrate Judge Cheryl Zwart on **May 9, 2023 at 9:00 a.m. by telephone**.

Dated this 28th day of April, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge