IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN EDWARD LIGHTFEATHER,

               Plaintiff,

   vs.

JEVON WOODS,

               Defendant.

**8:21CV115**

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

This matter is before the Court on allegations of sexual assault made by Plaintiff, Austin Edward Lightfeather, against Defendant, Jevon Woods.  A bench trial was held on July 25, 2023, via Zoom.  The Honorable Judge Joseph F. Bataillon presided over the trial alongside Mr. Lightfeather, Mr. Woods, and defense counsel Mr. Charles J. Bentjen. Witnesses Lieutenant Jon Armstrong and Mr. Nicholas Andrews also testified. The Court submits the following Findings of Fact and Conclusions of Law, consistent with Fed. R. Civ. P. 52.

**FINDINGS OF FACT**

Mr. Lightfeather was a recipient of residential services provided by Magis Residential Services ("Magis") for his disability needs.  Magis contracts with the State of Nebraska to provide home community-based services to individuals with developmental disabilities.  Magis employed Mr. Woods to house Mr. Lightfeather, and Mr. Lightfeather moved into Mr. Woods's home in July 2019.  In August 2019, on an unspecified date, Mr. Lightfeather claims that Mr. Woods sexually assaulted him in his sleep.

Mr. Lightfeather testimony recounting his version of events is as follows:  On the night of the alleged incident, he took Seroquel (sleeping) medication and was very

lethargic.  He later woke up to Mr. Woods sexually assaulting him.  Following the event, Mr. Lightfeather called 911 but was not taken seriously.  Then, at around 3:00 a.m., he began texting back and forth with his adopted mother, Ms. Brenda Stinson, who he says was frantic about the situation.  Mr. Lightfeather also testified that he sent Ms. Stinson pictures of a bodily tear resulting from the alleged sexual assault.[1]  Mr. Lightfeather reported this incident to the Lincoln Police Department, who investigated the matter.

Lt. Jon Armstrong testified that a special victim's investigation, led by now retired Det. Knopik, was prudently investigated and revealed no credible evidence in support of Mr. Lightfeather's claim, resulting in an inactive case status.

Nicholas Andrews, owner of Magis, testified that Mr. Woods passed all requisite background checks and that he found Mr. Woods to have impeccable character.  He further testified that Mr. Wood's home passed inspection which, among other qualifications, included having locks on the doors.  Mr. Andrews explained that within a few days of Mr. Lightfeather's placement into Mr. Woods's home, reports were made that Mr. Lightfeather became verbally aggressive and engaged in property destruction.  These actions were documented and logged by Magis.  Mr. Andrews explained that Magis is a mandatory reporter of abuse, and allegations of sexual assault are taken very seriously. The first time Magis was made aware of any allegation of abuse between Mr. Woods and Mr. Lightfeather was in October 2019.  Mr. Andrews testified that Ms. Stinson was in constant regular communication with him, and that it would be very out of character for her to be aware of the alleged incident without inquiring about it to Mr. Andrews.

---

[1] The photos Mr. Lightfeather recalls sending to Ms. Stinson could not be located and were not admitted into evidence at trial.

Mr. Woods testified that Mr. Lightfeather would often threaten him and would tell him "at night you better make sure [Woods] had that bedroom door locked and the sharps locked up because [Lightfeather] was coming in double fisted," meaning with two knives. Mr. Woods testified that he was not made aware of the allegations against him until months after Mr. Lightfeather was removed from his home.

Mr. Lightfeather has experienced many difficulties throughout his life and has deeply struggled with mental illness.  He has autism spectrum disorder, Tourette's syndrome, bipolar disorder, obsessive compulsive disorder, schizophrenia, oppositional defiant disorder, borderline personality disorder, and post-traumatic stress disorder.  Mr. Lightfeather has a history of frequently engaging in frivolous litigation.  He is currently serving an 18-year prison sentence for assaulting Ms. Stinson.

## CONCLUSIONS OF LAW

### Law

Fed. R. Civ. P. 52(a) requires a district court, following a bench trial, to "find the facts specially and state separately its conclusions of law." *Darst-Webbe Tenant Ass'n Bd. v. St. Louis Hous. Auth.*, 339 F.3d 702, 711 (8th Cir. 2003).

### Issues

At the Pretrial Conference, the parties agreed that the issues to be tried were:

1. Whether the incident alleged occurred, and if so,

2. The nature and extent of Plaintiff's injuries and damages.

### Discussion

The Court has received many filings of correspondence from Mr. Lightfeather and has reviewed each of his statements carefully.  The Court has heard Mr. Lightfeather's

testimony at trial and has provided opportunity for him to present any evidence that may support his claim.   Based on the testimony presented the Court finds that Mr. Lightfeather's recollection of events in question is clouded by his mental health condition. It did not appear to the Court that Mr. Lighfeather's testimony of those events could be relied upon.   Ultimately, the Court finds Mr. Wood's testimony more credible than that of Mr. Lightfeather.   Further, the Court concludes that the witnesses presented by the defense were all credible.   In short, Mr. Lightfeather failed to prove by the preponderance of the evidence any of his claims.   Accordingly, the Court will dismiss this case.

THEREFORE, IT IS ORDERED that the plaintiff's case is dismissed.   A judgment of Dismissal will be entered in conjunction with this Memorandum and Order.

Dated this 17th day of August, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

4